1
2
3
4
5
6
7                            UNITED STATES DISTRICT COURT
                            EASTERN DISTRICT OF CALIFORNIA
8
9
10   DEPUTY U.S. MARSHAL MICHAEL
     SMITH,                                   Case No. C07-899RJB-DAD
11
                    Plaintiff,                ORDER ON
12                                            DEFENDANT'S
            v.                                MOTION TO DISMISS
13                                            FOR FAILURE TO
     U.S. ATTORNEY GENERAL, ALBERTO           SERVE AND
14   R. GONZALES; U.S. DEPARTMENT OF          PLAINTIFF'S MOTION
     JUSTICE; U.S. DEPARTMENT OF              FOR LEAVE OF COURT
15   JUSTICE, UNITED STATES MARSHALS          TO EXCUSE IMPROPER
     SERVICE,                                 AND/OR LATE SERVICE
16
                    Defendants.
17
18
19          This matter comes before the court on Defendant's Motion to Dismiss for Failure to Serve (Dkt.

20   11) and on Plaintiffs' [sic] Notice of Counter Motion and Counter Motion Pursuant to Local Rule 78-

21   230(e) for Request for Leave of Court to Excuse Improper and/or Late Service (Dkt. 15). The court has

22   considered the relevant documents and the remainder of the file herein.

23          On May 13, 2007, plaintiff, a Deputy U.S. Marshal in the Eastern District of California, filed a

24   complaint alleging violations of his rights under Title VII of the Civil Rights Act of 1964. Dkt. 1.

25          On August 8, 2007, after this case was reassigned to the undersigned judge, counsel for plaintiff

26   and counsel for defendants participated in a telephone conference with the judge to discuss procedural and

27   logistical matters.  Dkt. 9.  During the conference, the court informed the parties that a scheduling order

28   would be issued.  *Id.*  On August 8, 2007, the court issued an order regarding dates for initial disclosures

ORDER
Page - 1

1  and a joint status report.  Dkt. 10.

2          Plaintiff contends that, on September 7, 2007, the United States Attorney and the United States

3  Marshal for the Eastern District of California were personally served by plaintiff's attorney.  The 120th day

4  after filing the complaint was September 10, 2007.

5          On September 11, 2007, defendant Attorney General Alberto Gonzales filed a motion to dismiss

6  the complaint and action under Fed.R.Civ.P. 12(b)(5) and Fed.R.Civ.P. 4(i) and (m).  Dkt. 11. In his

7  motion, defendant Gonzales contends that, as of September 11, 2007, plaintiff had not served the U.S.

8  Marshal's Service or the Attorney General in accord with Fed.R.Civ.P. 4(i).  *Id.*

9          On September 12, 2007, plaintiff's counsel sent copies of the summons and complaint by certified

10  mail to the Attorney General and to the U.S. Marshal's Service in Washington, D.C.; the U.S. Marshal's

11  Service received the summons and complaint on September 14, 2007, and the Attorney General received

12  the documents on September 17, 2007.  Dkt. 15, at 8.  On September 12, 2007, the parties filed a joint

13  status report, as required by the court's August 8, order.  Dkt. 13.

14          On September 21, 2007, plaintiff filed a motion, requesting that the court grant his request to

15  excuse the late service of the summons and complaint on the Attorney General and the U.S. Marshals

16  Service.  Dkt. 15.

17  <u>LEGAL STANDARD</u>

18          Under Fed.R.Civ.P. 12(b)(5), a party may file a motion to dismiss for insufficiency of service of

19  process.

20          Rule 4(i)  of the Federal Rules of Civil Procedure sets forth the requirements for service upon the

21  United States, its agencies, corporations, officers, or employees.  Rule 4(i) provides in relevant part as

22  follows:

23       **(i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.**

24        **(1)** Service upon the United States shall be effected

25          **(A)** by delivering a copy of the summons and of the complaint to the United States attorney
        for the district in which the action is brought or to an assistant United States attorney or

26          clerical employee designated by the United States attorney in a writing filed with the clerk
        of the court or by sending a copy of the summons and of the complaint by registered or

27          certified mail addressed to the civil process clerk at the office of the United States attorney
        and

28          **(B)** by also sending a copy of the summons and of the complaint by registered or certified
        mail to the Attorney General of the United States at Washington, District of Columbia, and

**(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

**(2)(A)** Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Fed.R.Civ.P. 4(m) sets forth the time limits for service of process and procedures to be followed when service of process is not properly effected within the time prescribed.

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

## DISCUSSION

Plaintiff did not comply with the service requirements of Fed.R.Civ.P.4(i) and (m)  because he did not serve the Attorney General or the U.S. Marshal's Service within 120 days of filing the complaint. These defendants were served on September 14, 2007 (U.S. Marshal's Service) and September 17, 2007 (Attorney General), when the time limit for service under Fed.R.Civ.P. 4(m) expired or after September 10, 2007.  Defendant Gonzales requests that the court dismiss this case without prejudice because plaintiff has not shown good cause for excusing untimely service.  Plaintiff's counsel stated in his declaration that, when he received the motion to dismiss, he immediately attempted to correct his error in reading the language of Fed.R.Civ.P. 4 by properly serving the summons and complaint. Dkt. 15, at 5.  Defendant Gonzales contends that attorney error does not constitute good cause for excusing plaintiff's failure to comply with the service rules, and that, if the court excuses plaintiff's failure to comply with the rules for service in this case, the rule would be meaningless.  Defendant Gonzales argues that the government would be prejudiced if the court does not grant his motion to dismiss because the statute of limitations would bar plaintiff from refiling the action.  Dkt. 16-1, at 6.

The decision to extend the prescribed time period for the service requires a two step analysis. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995).  First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.  *Id.*; *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

1    Plaintiff did not properly effectuate service of the summons and complaint on the Attorney General

2    and on the U.S. Marshal's Service within the 120 day time limit prescribed in Fed.R.Civ.P. 4(m).

3    Plaintiff's counsel's error does not constitute good cause for extending the 120 day time limit for proper

4    service.  Plaintiff's counsel had previously filed a claim against the United States on behalf of this plaintiff,

5    and was specifically directed by the court to effectuate service under the then-current rule for service on

6    the United States.  *See Smith v. Reno*, Eastern District of California Case No. CIV S-99-0704-EJL.  Dkt.

7    16-3.  To be fair to plaintiff's counsel, however, the court notes that the previous case was filed eight years

8    ago and the requirements for service on the United States are more complicated than the service

9    requirements for other cases.

10    Even though plaintiff has not shown good cause for failing to properly serve defendant(s), several

11    factors weigh in favor of granting plaintiff's request to extend the time for service on the Attorney General

12    and the U.S. Marshal's Service.  First, the government was aware of this case before the deadline for

13    service had expired. The U.S. Attorney entered a notice of appearance on August 6, 2007; participated in a

14    telephone conference with the court and opposing counsel on August 8, 2007; and, along with plaintiff's

15    counsel, filed a joint status report on September 12, 2007.  Second, shortly after defendant Gonzales filed

16    the motion to dismiss, plaintiff's counsel properly served the Attorney General and the U.S. Marshal's

17    service.  Third, defendants have not shown that they will be prejudiced in their ability to respond to the

18    merits of the case.  The case is at an early stage of the proceedings; a scheduling order has not yet been

19    issued. Defendants have received adequate notice of the proceedings so that they may prepare a defense to

20    the claims.

21    Plaintiff contends that, if the court were to dismiss this case without prejudice, he would be barred

22    by the statute of limitations from re-filing the case. Defendant Gonzales apparently concurs that a re-filed

23    case would be barred by the statute of limitations.  Defendant Gonzales argues that, if the court grants

24    plaintiff's motion, which in effect makes the late-filed service effective, the government would be

25    prejudiced by being required to defend the case at all.

26    The Federal Rules of Civil Procedure "shall be construed and administered to secure the just,

27    speedy, and inexpensive determination of every action."  Fed.R.Civ.P. 1.  The parties should not be

28    permitted to use the procedures set forth in the Federal Rules as a weapon to fend off potentially legitimate

1    claims.  The court recognizes that, if parties do not comply with the Federal Rules, and if the court does

2    not require parties to comply with the rules, litigation can become unwieldy, confusing, and protracted.  As

3    discussed above, no such danger presents itself in this case.  The court should deny defendant Gonzales'

4    motion to dismiss and should grant plaintiff's motion for leave to excuse improper service.

5         Therefore, it is hereby

6         **ORDERED** that Defendant's Motion to Dismiss for Failure to Serve (Dkt. 11) is **DENIED**.

7    Plaintiffs' [sic] Notice of Counter Motion and Counter Motion Pursuant to Local Rule 78-230(e) for

8    Request for Leave of Court to Excuse Improper and/or Late Service (Dkt. 15) is **GRANTED**.  The

9    summons and complaint served on the U.S. Marshal's Service on September 14, 2007 and the summons

10    and complaint served on the Attorney General on September 17, 2007 are deemed to be timely served.

11         The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

12    party appearing *pro se* at said party's last known address.

13         DATED this 15th day of October, 2007.

14

15

16    ROBERT J. BRYAN
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5