1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

11
12
13
14
15
16

MICHAEL SMITH,

           Plaintiff,

    v.

MICHAEL B. MUKASEY, ATTORNEY
GENERAL UNITED STATES, et al.

           Defendants.

Case No. C07-00899RJB-DAD

ORDER ON
DEFENDANTS' MOTION
FOR PARTIAL
DISMISSAL

17
18
19

      This matter comes before the court on defendants' Motion for Partial Dismissal for lack of
jurisdiction. Dkt. 20. The court has considered the pleadings filed in support of and in opposition to the
motion and the file herein.

20

PROCEDURAL AND FACTUAL HISTORY

21
22
23
24
25
26
27
28

      On April 12, 1999, plaintiff Michael Smith filed a civil action in the United States District Court for
the Eastern District of California, Case No. CV S-99-0704. Dkt. 20-2. In that action, the plaintiff alleged
that he was subject to a hostile work environment as the result of sexual harassment by his supervisor,
Supervisory Deputy U.S. Marshall Carolyn Griffin. Dkt. 20, Exhibit A. He also alleged retaliation by the
United States Marshals Service (USMS) management officials for reporting the alleged harassment. *Id.*
On March 19, 2001, the plaintiff and USMS entered into a "Stipulation for Compromise Settlement
Agreement and Release for Liability." Dkt. 20, Exhibit B. In the settlement, plaintiff Smith received a
monetary amount and was assigned to the Career Criminal Task Force, housed within the Sacramento

1  Police Department, for three years.  In addition, the parties agreed that the plaintiff would not be

2  supervised by Carolyn Griffin.  *Id.*

3  Following the settlement reached March 19, 2001, the plaintiff filed several EEOC complaints.  In

4  2001, he sought EEO counseling and alleged that Carolyn Griffin was retaliating and discriminating against

5  him.  Dkt. 20, Exhibit C, EEO complaint no. 02-0013.  That complaint was dismissed in a final agency

6  decision on June 4, 2002, and the plaintiff never appealed the dismissal of those claims.  Dkt. 20 at 5,

7  Exhibit E.

8  The plaintiff sought EEOC counseling for another complaint, EEO complaint no. 04-0033, on

9  February 27, 2004.  Dkt. 20, Exhibit G.  The plaintiff again alleged retaliation and sexual harassment.  *Id.*

10  The claims were dismissed on July 6, 2005, on grounds of untimeliness.  Dkt. 29-4 at Smith.EEO 000079.

11  The plaintiff requested a final agency decision for that complaint on August 9, 2005.  Dkt. 29-4 at

12  Smith.EEO 000088.  The plaintiff alleges that no final agency decision was issued.  Dkt. 27 at 2.  There is

13  nothing in the record that indicates that a decision was issued.

14  The plaintiff again sought counseling on July 13, 2005, for sexual harassment and hostile work

15  environment.  Dkt. 29-5 at Smith.EEO 000105 , *see also* Dkt. 20-12, Exhibit K (complaint no. 06-0004).

16  The plaintiff requested a final agency decision on August 10, 2006.  Dkt. 29-5 at Smith.EEO 000124.  The

17  plaintiff alleges that no final agency decision was issued.  Dkt. 27 at 2.  There is nothing in the record that

18  indicates that a decision was issued.

19  The complaint in this matter was filed May 13, 2007, and alleges that the plaintiff is a Deputy U.S.

20  Marshal, employed by the USMS in or near Sacramento, California (Dkt. 1 at 3) since 1988 (Dkt. 1 at 5).

21  The plaintiff alleges that Deputy U.S. Marshall Carolyn Griffin, the plaintiff's past supervisor at the USMS,

22  sexually harassed him early in his career.  Dkt. 1 at 5.  The plaintiff alleges that, even though he reached a

23  settlement with the USMS in his first civil action (Dkt. 20-2) and filed several EEO complaints before filing

24  the instant complaint (*see* Dkts.20-4, 20-8, 20-12 ), Griffin continued to retaliate and discriminate against

25  him, and attempted to supervise and investigate the plaintiff.  Dkt. 1 at 5.  The complaint alleges a

26  "continuing violation" of retaliation, naming as defendants U.S. Attorney General Michael Mukasey, the

27  U.S. Department of Justice, and the USMS.  *Id.* at 1.

28  Specifically, the plaintiff alleges that Griffin disclosed the plaintiff's confidential information to

1  unauthorized personnel, disseminated false information, intentionally interfered with the plaintiff's Office of

2  Worker's Compensation claim, secretly investigated the plaintiff's personal information, and otherwise

3  impeded the plaintiff's work, training, assignment, and promotional opportunities.  *Id.* at 6.  The plaintiff

4  alleges that this retaliation damaged his professional reputation, promotional opportunities, ability to gain

5  training and awards, and his emotional and physical person.  *Id.* at 11.

6       Assistant United States Attorney Sara Robinson filed a notice a appearance for all federal

7  defendants on August 6, 2007.  Dkt. 8.  On October 18, 2007, defendants Attorney General Michael

8  Mukasey (AG) and the Department of Justice (DOJ) filed an answer.  Dkt. 19.

9                              MOTION TO DISMISS

10      On January 10, 2008, defendants AG and DOJ filed a motion to dismiss under Fed.R.Civ.P.

11  12(b)(1) and (6) on grounds of res judicata, statute of limitations, and failure to exhaust administrative

12  remedies.  Dkt. 20.  The defendants contend that the following categories of allegations in the plaintiff's

13  complaint should be stricken: (1) events raised in Smith's first district court lawsuit, settled on March 19,

14  2001; (2) events not raised in Smith's first district court lawsuit but which occurred before January 14,

15  2004; (3) events timely raised in Smith's EEO administrative complaints, but which were dismissed or not

16  accepted by the EEO and not appealed; and (4) events never raised administratively in any of Smith's EEO

17  complaints.  Dkt. 20 at 1.  In effect, the defendants have summarily moved to dismiss all allegations in the

18  complaint, paragraphs 20-87, with the exception of the first part of paragraph 30.  Dkt. 20 at 18.  This

19  section of paragraph 30 that the defendants do not move to dismiss states:

20       Retaliation, as part of a continuing pattern and practice, includes, but is not limited to, SDUSM
         Griffin disclosing confidential information of Plaintiff with unauthorized personnel; disseminating
21       false or confidential information...

22  Dkt. 1 at 6.

23                         STANDARD FOR MOTION TO DISMISS

24      When a motion is made pursuant to Fed.R.Civ.P. 21(b)(1), plaintiff has the burden of proving that

25  the court has subject matter jurisdiction.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d

26  495, 499 (9th Cir. (2001).  Plaintiff must demonstrate the existence of whatever is essential to federal

27  jurisdiction, and, if plaintiff does not do so, the court, on having the defect called to its attention or on

28  discovering the defect, must dismiss the case, unless the defect can be cured by amendment.  *Smith v.*

1    *McCullough*, 270 U.S. 456, 459 (1926).  When considering a motion to dismiss pursuant to Rule 12(b)(1),

2    the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual

3    disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

4    1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th

5    Cir. 1983).

6           Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal

7    theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica*

8    *Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

9    complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While

10   a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

11   plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

12   conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic*

13   *Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*).  "Factual allegations must

14   be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

15   the complaint are true (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state

16   a claim to relief that is plausible on its face."  *Id*. at 1974.

17                                              DISCUSSION

18   **1.  Allegations raised in Smith's first district court lawsuit**

19          The complaint alleges, in paragraphs 23-29, 73-74, 77-82, and 84-85, several specific acts of

20   discrimination.  Dkt. 1 at 5-11.  The defendants contend that the plaintiff has already litigated, settled, and

21   received compensation for these claims.  Dkt. 20 at 12.  Therefore, defendants argue, the plaintiff may not

22   sue again on discrimination claims which he has settled, and claims based on such allegations should be

23   dismissed.  Dkt. 20 at 10.

24          Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage

25   of the complaint process, is binding on both parties.  29 C.F.R. § 1614.504(a).  Subsequent discriminatory

26   acts that violate a settlement agreement are processed as separate claims under 29 C.F.R. § 1614.106.  *Id.*

27   at c).

28          The parties entered into a Settlement Agreement and Release of Liability on March 19, 2001.  Dkt.

20, Exhibit B.  In paragraph 1 of the agreement, the parties agreed to "settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions" that gave rise to the past or current allegations at the time.  *Id.*  The plaintiff agreed to "waive the right to pursue this litigation and the matters raised in the complaint...and said matters will not be made the subject of future litigation."  *Id.* at 7.  However, the agreement also states that "[n]othing in this agreement is intended to prevent Michael Smith from exercising his right to file a grievance or complaint regarding issues that may arise while performing his CCAT assignments" with the Sacramento Police Department.  *Id.* at 3-4.

The plaintiff may not receive a second remedy for the same instances of conduct that were already the subject of and settled in the first lawsuit.  *See* Dkt. 20, Exhibit B.  The allegations in paragraphs 23-29, 73-74, 77-82, and 84-85 of the complaint were already asserted in the plaintiff's first lawsuit.  Dkt. 20, Exhibit A. The plaintiff may not now bring claims based upon these allegations, because the plaintiff has already received compensation for them.  Dkt. 20, Exhibit B.  Therefore, the allegations in paragraphs 23-29, 73-74, 77-82, and 84-85 of the plaintiff's complaint should be dismissed as separate claims.

### 2. Allegations not raised in Smith's first district court lawsuit, but which occurred before June 11, 2001

The complaint alleges several discriminatory events that occurred prior to June 11, 2001, in paragraphs 31, 33, 56-58, and 63-72.  Dkt. 1 at 6-9.  The defendants assert that these allegations of discriminatory conduct which occurred prior to June 11, 2001, must be dismissed because they were not timely exhausted.  Dkt. 20 at 13.  After the plaintiff settled his first discrimination case, the plaintiff again sought EEO counseling on July 26, 2001.  *Id.* at 14.  The defendants contend that because June 11, 2001 is the 45th day prior to July 26, 2001, any alleged discriminatory acts that occurred before June 11th that were not raised in the July 26th EEO complaint are untimely and should be dismissed.  *Id.*

To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  The Equal Employment Opportunity Commission (EEOC) promulgated regulations to establish procedures for the administrative implementation of its provisions.  *See* 42 U.S.C. § 2000e-16(b); 29 C.F.R. §1614.  A plaintiff must exhaust administrative remedies by filing a timely charge

1   with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate

2   the charge.  42 U.S.C. § 2000e-5(b); *see also B.K.B.*, 276 F.3d at 1099.

3          The 45-day time limit in which to contact an EEO counselor begins to run on the date that the

4   employee knew or reasonably should have known that the discriminatory matter or personnel action

5   occurred.  29 C.F.R. § 1614.105(a)(2).  Discriminatory acts are not actionable unless an employee initiates

6   the EEO complaint process within the applicable regulatory time limits.  *National Railroad Passenger*

7   *Corp. v. Morgan*, 536 U.S. 101 (2002).  A new violation does not occur, and a new filing period does not

8   commence, upon the occurrence of subsequent acts which give present effect to past discrimination.

9   *Ledbetter v. Goodyear Tire and Rubber*, 1127 S. Ct. 2162 (2007).  Failure to make timely contact with an

10  EEO counselor bars a claim, absent waiver, estoppel or equitable tolling.  *Boyd v. United States Postal*

11  *Service*, 752 F.2d 410, 414 (9th Cir. 1985).

12         The plaintiff states that his EEO complaint filings "clearly indicate Plaintiff properly alleged a

13  continuing violation of retaliation, which bootstraps in all prior acts."  Dkt. 27 at 2; *see Anthony v. County*

14  *of Sacramento*, 845 F. Supp. 1396 (E.D. Cal. 1994); *Anthony v. County of Sacramento*, 898 F. Supp.

15  1435 (E.D. Cal. 1995).  In support of his retaliation claim, the plaintiff alleges acts that he says form a

16  "continuing violation" "related by a common motive, theme, target, and function in the workplace."  Dkt.

17  27 at 2.  Because of this "continuing violation," the plaintiff asserts that the agency should have

18  investigated all acts of retaliation, and not just the most recent ones.  *Id.*

19         The plaintiff's complaint, however, alleges discrete acts and therefore, do not together establish a

20  claim of "continuing violation."  In 2002, the United States Supreme Court rejected the Ninth Circuit

21  "serial violations doctrine" and claims of "continuing violation" where the conduct involves discrete

22  discriminatory acts.  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L.

23  Ed.2d 106 (2002).  In *Morgan*, the plaintiff alleged racial discrimination and retaliation under Title VII.  *Id.*

24  at 101.  The court considered "whether and under what circumstances, a Title VII Plaintiff may file suit on

25  events that fall outside [the timely filing period]."  *Id.* at 105.  The *Morgan* court rejected the Ninth Circuit

26  holding that "so long as one act falls withing the charge filing period, [untimely] discriminatory and

27  retaliatory acts that are plausible or sufficiently related to that act may also be considered..."  *Id.* at 114;

28  *see National R.R. Passenger Corp. v. Morgan*, 232 F.3d 1008, 1015 (2000).  The Supreme Court

1  determined that an act of discrimination "necessarily takes place on a particular day. ... That is the day that

2  the discriminatory act 'occurred' and thus the day from which the statute of limitations runs." *Id.*

3      The plaintiff is asking the court to recognize a continuing violation of retaliation, and to allow prior

4  acts, regardless of the date of their occurrence, to become part of the claim. *See* Dkt. 27 at 2. This

5  concept that untimely retaliatory acts may somehow "bootstrap" onto allegations properly before the court

6  was specifically rejected in *Morgan*. *Morgan*, 536 U.S. at 114. The record in this case shows that the

7  alleged discriminatory acts in paragraphs 31, 33, 56-58, and 63-72 occurred more than 45 days before the

8  plaintiff sought EEO counseling on July 26, 2001. Dkt. 1 at 6-9. The plaintiff did not initiate the

9  administrative EEO complaint process for these claims. The court should not allow these untimely claims

10  to be heard because they may somehow be "bootstrapped" to ripe claims. Therefore, the allegations in

11  paragraphs 31, 33, 56-58, and 63-72 of the plaintiff's complaint should be dismissed as separate claims.

12

13  **3. Allegations timely asserted in the plaintiff's EEO administrative complaints, but were dismissed or not accepted by the EEO and not appealed**

14

15      In paragraphs 32, 34-35, 41, and 51-55 of the complaint, the plaintiff alleges several instances of

16  discrimination. Dkt. 1 at 6-8. The defendants contend that although these allegations were timely raised in

17  the plaintiff's EEO complaint No. 02-0013 on July 26, 2001, those allegations should be dismissed. Dkt.

18  20 at 15; *see also* Dkt. 20, Exhibit C. The defendants assert that dismissal of these allegations is proper

19  because EEO complaint no. 02-0013 was dismissed in a Final Agency Decision on June 4, 2002. Dkt. 20

20  at 5, Exhibit E. Following that decision, the plaintiff never appealed the dismissal of those claims with the

21  EEOC within 30 days, pursuant to 29 C.F.R. §1614.401a and .402a, nor did the plaintiff file a civil action

22  within 90 days of receiving the final agency decision pursuant to 29 C.F.R. §1614.408c.

23      The defendants offer similar argument regarding the plaintiff's EEO complaint no. 04-0033. Dkt.

24  20 at 16; *see also* Dkt. 20, Exhibit G. The plaintiff's complaint alleges several specific acts of

25  discrimination in paragraphs 36, 37, 48-50, 61, and 62 that defendants argue were asserted in EEO

26  complaint no. 04-0033 in February 2004. *Id.* The EEO accepted only two of the nine allegations raised in

27  that complaint, a decision which was never appealed. Dkt. 20, Exhibit H at 1. Therefore, defendants

28  contend, those issues that were abandoned should be dismissed because they were untimely at the time they

were brought in the EEO complaint. Dkt. 31 at 5.

The plaintiff, however, asserts that because no "final agency decision" was rendered on his EEO complaint no. 04-0033, those decisions were not administratively appealable and a civil complaint is proper. Dkt. 27 at 3. The plaintiff quotes a letter issued by the EEOC on August 31, 2004 (Dkt. 29-2 at Smith.EEO 000049): "[m]y decision not to investigate Claims 3 through 9 as outlined above is reviewable by an EEOC Administrative Judge if a hearing is requested on the remainder of the complaint, but is not appealable until a final agency action is taken on the remainder of the complaint." Dkt. 27 at 3. The plaintiff asserts that he requested a final agency decision on August 9, 2005 (Dkt. 29-4 at Smith.EEO 000088), and subsequently filed his complaint for this action on May 15, 2007 (Dkt. 1). Therefore, the plaintiff contends, because 180 days elapsed after the filing of his EEOC complaint no. 04-0033 and there had been no Final Agency Action in the matter, commencement of this civil action was proper. Dkt. 27 at 3; *see also* 29 C.F.R. 1614.407; *see also* Dkt. 29-2 at Smith.EEO 000031.

The record shows that allegations from the plaintiff's EEO complaints 02-0013 and 04-0033 are now contained in paragraphs 32, 34-35, 41, 51-55, 36, 37, 48-50, 61, and 62 of the complaint. *Compare* Dkt. 20-4, Exhibit C; Docket 20-8, Exhibit G; Dkt. 1 at 6-9. First, EEO complaint no. 02-0013 was dismissed in a Final Agency Decision on June 4, 2002. Dkt. 20 at 5, Exhibit E. In accordance with 29 C.F.R. §1614.407, the limitations period for filing a civil action is 90 days from the receipt of the final agency decision, or the receipt of the EEO decision on appeal. 29 C.F.R. §1614.407c). The plaintiff did not file suit within 90 days of the receipt of the final agency decision. Dkt. 20, Exhibit F. Therefore, the allegations from the plaintiff's EEO complaint no. 02-0013 now contained in the instant complaint are untimely.

Second, the issues in EEO complaint no. 04-0033 were dismissed because they were either untimely (Dkt. 29-4 at Smith.EEO 000079-82); had already been raised and investigated in the plaintiff's EEO complaint no. 02-0013 (Dkt. 20, Exhibit H-3); or were not identified as issues for investigation (Dkt. 20, Exhibit G-2; G-3; G-4). The discriminatory acts alleged in paragraphs 36, 37, 48-50, 61, and 62 of the complaint that were also asserted in EEO complaint no. 04-0033 in February 27, 2004 are largely undated. Dkt. 1 at 6-9. The only exception is paragraph 36, an act that the plaintiff alleges occurred in 2003. Dkt. 1 at 6. Simply examining this one dated claim, the record shows that the time it occurred (sometime in 2003 (Dkt. 1 at 6)) and the time the plaintiff sought EEO counseling (February 27, 2004 (dkt. 20, Exhibit

1    G)) is more than the 45-day limit for bringing the claim.  29 C.F.R. § 1614.105(a)(1).

2         Because the plaintiff has not demonstrated the timeliness of the claims in paragraphs 32, 34-35, 41,

3    51-55, 36, 37, 48-50, 61, and 62 of the plaintiff's complaint, he has not met his burden of establishing that

4    this court has jurisdiction.  *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).  It is the plaintiff's

5    responsibility to establish that he exhausted his administrative remedies before filing suit and that this court

6    has jurisdiction over the matter.  *Id.*  The plaintiff has not met his burden of establishing that these

7    allegations are timely.  As already stated in section 2, (*supra*, p. 6-7), untimely retaliatory acts may not

8    somehow "bootstrap" onto allegations properly before the court.  *See Morgan*, 536 U.S. at 114.  *See* Dkt.

9    20, Exhibit E.  Therefore, the allegations in paragraphs 32, 34-35, 41, 51-55, 36, 37, 48-50, 61, and 62 of

10   the plaintiff's complaint are untimely and should be dismissed as separate claims.

11

12        **4. Allegations never raised in any of the plaintiff's EEO complaints**

13        The complaint alleges specific acts of discrimination in the second half of paragraph 30, paragraphs

14   38-40, 43-46, 49, 59-60, 63-72, and 74-85.  Dkt. 1 at 6-11.  The defendants assert that these allegations

15   should be dismissed because they were either never raised in any EEO complaint or were not accepted and

16   investigated by the EEO.  Dkt. 20 at 17.

17        As stated in section 2 above (*supra* at p. 5-6), to establish federal subject matter jurisdiction, a

18   plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII

19   claim. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  A plaintiff must exhaust

20   administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby

21   affording the agency an opportunity to investigate the charge.  42 U.S.C. § 2000e-5(b); *see also B.K.B.*,

22   276 F.3d at 1099.  Failure to make timely contact with an EEO counselor bars a claim, absent waiver,

23   estoppel or equitable tolling.  *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985).

24        The record in this case shows that the alleged discriminatory acts contained in the second half of

25   paragraph 30, paragraphs 38-40, 43-46, 49, 59-60, 63-72, and 74-85 of the plaintiff's complaint may have

26   occurred as far back as 1997.  Dkt. 1 at 6-11.  As the allegations contained in these paragraphs are largely

27   undated, it is difficult to determine when each allegation occurred, and whether they were ever raised by

28   the plaintiff in the administrative EEO complaint process.  It is the plaintiff's responsibility to establish that

he exhausted his administrative remedies before filing suit and that this court has jurisdiction over the matter.  *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).  The plaintiff has not met his burden of establishing that these allegations are timely, and as stated in section 2, (*supra*, p. 6-7), untimely retaliatory acts may not somehow "bootstrap" onto allegations properly before the court.  *See Morgan*, 536 U.S. at 114.  The plaintiff must exhaust his administrative remedies before seeking remedies in this court, and from the record, it appears that this has not occurred.  Therefore, the allegations in paragraphs 38-40, 43-46, 49, 59-60, 63-72, and 74-85 of the plaintiff's complaint should be dismissed as separate claims.

### 5. Evidence

The court is not here ruling on the admissibility of historical facts at trial.

Therefore, it is hereby

**ORDERED** that defendants' Motion for Partial Dismissal is **GRANTED**.  The following claims are DISMISSED: paragraphs 20-87, with the exception of the first part of the first sentence in paragraph 30.  The remaining claims are: the first part of the first sentence of paragraph 30, which states: "Retaliation, as part of a continuing pattern and practice, includes, but is not limited to, SDUSM Griffin disclosing confidential information of Plaintiff with unauthorized personnel; disseminating false or confidential information..."  Dkt. 1 at 6.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of February, 2008.

ROBERT J. BRYAN
United States District Judge