UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

MICHAEL SMITH,

        Plaintiff,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL UNITED STATES, et al.

        Defendants.

Case No. C07-00899RJB-DAD

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on defendants' Motion for Summary Judgment on the plaintiff's retaliation claim. Dkt. 39. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## PROCEDURAL AND FACTUAL HISTORY

On April 12, 1999, plaintiff Michael Smith filed a civil action in the United States District Court for the Eastern District of California, Case No. CV S-99-0704. Dkt. 20-2. In that action, the plaintiff alleged that he was subject to a hostile work environment as the result of sexual harassment by his supervisor, Supervisory Deputy U.S. Marshall Carolyn Griffin. Dkt. 20, Exhibit A. He also alleged retaliation by the United States Marshals Service (USMS) management officials for reporting the alleged harassment. *Id.* On March 19, 2001, the plaintiff and USMS entered into a "Stipulation for Compromise Settlement Agreement and Release for Liability." Dkt. 20, Exhibit B. In the settlement, plaintiff Smith received a monetary amount and was assigned to the Career Criminal Task Force, housed within the Sacramento

ORDER
Page - 1

Police Department, for three years. In addition, the parties agreed that the plaintiff would not be supervised by Ms. Griffin. *Id.*

Following the settlement reached March 19, 2001, the plaintiff filed several EEOC complaints. In 2001, he sought EEO counseling and alleged that Ms. Griffin was retaliating and discriminating against him. Dkt. 20, Exhibit C, EEO complaint no. 02-0013. That complaint was dismissed in a final agency decision on June 4, 2002, and the plaintiff never appealed the dismissal of those claims. Dkt. 20 at 5, Exhibit E.

The plaintiff sought EEOC counseling for another complaint, EEO complaint no. 04-0033, on February 27, 2004. Dkt. 20, Exhibit G. The plaintiff again alleged retaliation and sexual harassment. *Id.* The claims were dismissed on July 6, 2005, on grounds of untimeliness. Dkt. 29-4 at Smith.EEO 000079. The plaintiff requested a final agency decision for that complaint on August 9, 2005. Dkt. 29-4 at Smith.EEO 000088. The plaintiff alleges that no final agency decision was issued. Dkt. 27 at 2. There is nothing in the record that indicates that a decision was issued.

The plaintiff again sought counseling on July 13, 2005, for sexual harassment and hostile work environment. Dkt. 29-5 at Smith.EEO 000105 , *see also* Dkt. 20-12, Exhibit K (complaint no. 06-0004). The plaintiff requested a final agency decision on August 10, 2006. Dkt. 29-5 at Smith.EEO 000124. The plaintiff alleges that no final agency decision was issued. Dkt. 27 at 2. There is nothing in the record that indicates that a decision was issued.

The complaint in this matter was filed May 13, 2007, and alleges that the plaintiff is a Deputy U.S. Marshal, employed by the USMS in or near Sacramento, California (Dkt. 1 at 3) since 1988 (Dkt. 1 at 5). The plaintiff alleges that Ms. Griffin, the plaintiff's past supervisor at the USMS, sexually harassed him early in his career. Dkt. 1 at 5. The plaintiff alleges that, even though he reached a settlement with the USMS in his first civil action (Dkt. 20-2) and filed several EEO complaints before filing the instant complaint (*see* Dkts.20-4, 20-8, 20-12 ), Griffin continued to retaliate and discriminate against him, and attempted to supervise and investigate the plaintiff. Dkt. 1 at 5. The complaint alleges a "continuing violation" of retaliation, naming as defendants U.S. Attorney General Michael Mukasey, the U.S. Department of Justice, and the USMS. *Id.* at 1.

Specifically, the plaintiff alleges that Griffin disclosed the plaintiff's confidential information to

unauthorized personnel, disseminated false information, intentionally interfered with the plaintiff's Office of Worker's Compensation claim, secretly investigated the plaintiff's personal information, and otherwise impeded the plaintiff's work, training, assignment, and promotional opportunities. *Id.* at 6. The plaintiff alleges that this retaliation damaged his professional reputation, promotional opportunities, ability to gain training and awards, and his emotional and physical person. *Id.* at 11.

Assistant United States Attorney Sara Robinson filed a notice a appearance for all federal defendants on August 6, 2007. Dkt. 8. On October 18, 2007, defendants Attorney General Michael Mukasey (AG) and the Department of Justice (DOJ) filed an answer. Dkt. 19.

On January 10, 2008, defendants AG and DOJ filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and (6) on grounds of res judicata, statute of limitations, and failure to exhaust administrative remedies. Dkt. 20. In effect, the defendants moved to dismiss all allegations in the complaint, paragraphs 20-87, with the exception of the first part of paragraph 30. Dkt. 20 at 18. The Court granted the defendants' motion for partial dismissal on February 14, 2008, and dismissed the claims in paragraphs 20-87 of the plaintiff's complaint, with the exception of the first part of the first sentence in paragraph 30. Dkt. 33. The remaining claim alleges: "[r]etaliation, as part of a continuing pattern and practice, includes, but is not limited to, SDUSM Griffin disclosing confidential information of Plaintiff with unauthorized personnel; disseminating false or confidential information..." Dkt. 1 at 6.

## MOTION FOR SUMMARY JUDGMENT

On April 4, 2008, defendant Mukasey filed a motion for summary judgment on the plaintiff's remaining retaliation claim. Dkt. 39 at 1. The defendant contends that there is no genuine issue of material fact concerning the plaintiff's remaining claim of retaliation. *Id.* The defendant argues that (1) the plaintiff cannot establish the prima facie elements of a retaliation claim; (2) even if the court determines that the plaintiff has established a prima facie case, the plaintiff cannot establish that the defendant's explanation for investigating over-billing by the plaintiff's doctor was a pretext for retaliation; (3) the plaintiff cannot show that the defendant's reason for investigating over-billing was retaliation for the plaintiff's EEO activity; and (4) the conversation between two USMS employees regarding the plaintiff's Office of Worker's Compensation Program (OWCP) claim cannot be the basis of a claim because the conversation was a "stray remark" and was not an adverse employment action. *Id.*

1    The plaintiff did not file a response to this motion.  The defendant filed a Statement Regarding the
2 Plaintiff's Failure to File Opposition to Defendant's Motion for Summary Judgment on Plaintiff's
3 Retaliation Claim on May 1, 2008.  Dkt. 43.  The court has attempted to understand the plaintiff's position
4 by consulting the plaintiff's complaint, Dkt. 1, and the transcript of the plaintiff's deposition filed with the
5 motion for summary judgment, Dkt. 39-6.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S.

871, 888-89 (1990).

## DISCUSSION

The plaintiff's remaining claim is: "[r]etaliation, as part of a continuing pattern and practice, includes, but is not limited to, SDUSM Griffin disclosing confidential information of Plaintiff with unauthorized personnel; disseminating false or confidential information..." Dkt. 1 at 6. More specifically, the plaintiff stated in his deposition that his remaining claim is that Ms. Griffin's involvement with the plaintiff's Office of Worker's Compensation Programs claim (OWCP) is a retaliation. Dkt. 39-6 at 7. The plaintiff claims that in February 2004, he overheard Ms. Griffin and Ms. Ready discuss his personal medical information, and that Ms. Griffin disseminated confidential medical information about the plaintiff with unauthorized personnel. Dkt. 1 at 6.

The plaintiff alleges that he began treatment with Dr. James Liles in 1998, and he went to weekly appointments. Dkt. 39, Exhibit B-4 at 8-9. After some time, the plaintiff's treatment with Dr. Liles was reduced to bi-weekly visits. *Id.* Although the visits were reduced by half, Dr. Liles's office continued to bill for weekly visits. *Id.* In February 2004, the plaintiff alleges that he heard Ms. Griffin and Ms. Ready discussing how wasteful the plaintiff's treatment with Dr. Liles was. Dkt. 39, Exhibit B-4 at 6. Ms. Griffin allegedly said "I don't know why he's going to a shrink. It's not going to do any good." Dkt. 39, Exhibit B-5 at 60. The plaintiff also stated in his deposition that he overheard Ms. Griffin making "little comments" about his medical information at another time in 2004. Dkt. 39-6 at 13.

The retaliation was allegedly in response to the plaintiff's "previously protected disclosure;" beginning with his first EEO complaint filed in 1998. Dkt. 39-6 at 7, *see also* Dkt. 39-5 at 9. However, most of the plaintiff's claims were dismissed by this court on February 14th, 2007, for lack of jurisdiction because they were already settled, were not administratively exhausted, or were untimely. Dkt. 33. For example, the plaintiff's claim that Ms. Griffin's retaliation impeded his work, training assignment, and promotional opportunities following his first EEO complaint was dismissed by this court on February 14th, 2007. Dkt. 33; see also Dkt. 1 at 6. The plaintiff's claim that he has not received any individual awards in Sacramento, making him the only "senior 1811 deputy" to have never received a "QSI" award, was also dismissed by the court. Dkt. 33; see also Dkt. 1 at 7. The plaintiff's claim that his lack of awards and training points damaged his ability to be competitive for promotions was also dismissed. Dkt. 33; see also

1  Dkt. 1 at 7.

2  In facing a motion for summary judgment, Title VII requires that a plaintiff must prove a prima
3  facie case to shift the burden to the defendant pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S.
4  792, 802, 93 S. Ct. 1817 (1973). In order to establish a prima facie case of retaliation for a protected
5  activity, a plaintiff must show that (1) he engaged in protected activity; (2) he suffered an adverse
6  employment action; and (3) there was a causal link between his engaging in the protected activity and the
7  adverse employment action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

8  The defendant contends that Ms. Ready's comments to Ms. Griffin about the over-billing were
9  statements of fact and that Ms. Griffin's response was "a statement of good fiscal common sense." Dkt. 39
10 at 9. The defendant argues that Ms. Ready, as an OWCP coordinator, had received training regarding
11 OWCP files and was implementing her training when she sought information from the plaintiff. Dkt. 39 at
12 9. The defendant also argues that the plaintiff suffered no adverse employment action as a result of the
13 over-billing or conversation, because the USMS did not ask the plaintiff to pay back the amounts, nor was
14 the plaintiff investigated. Dkt. 39 at 9.

15 An adverse employment action "materially affect[s] the compensation, terms, conditions, or
16 privileges of...employment." *Davis v. Team Electric Co.*, ---- F.3d ----, 2008 WL 819885 (2008); *see also*
17 *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000). The plaintiff has not shown that he
18 has suffered an adverse employment action as a result of Ms. Griffin's involvement with the plaintiff's
19 Office of Worker's Compensation Programs claim. The plaintiff admitted, during his deposition, that none
20 of his supervisors, including Ms. Griffin, refused to sign his OWCP time forms. Dkt. 39-6 at 11. The
21 plaintiff also admitted that he always received reimbursements for the time that he went to his OWCP
22 appointments. *Id.* The plaintiff acknowledged that he never had to pay back any money lost due to the
23 over-billing mistake, nor did anyone ask him to pay it back. Dkt. 39-6 at 15.

24 `The plaintiff has not shown that he was demoted, denied his work responsibilities, treated
25 differently or given more burdensome work responsibilities, fired or suspended, or denied any raises or had
26 his salary reduced as a result of Ms. Griffin's involvement with the plaintiff's Office of Worker's
27 Compensation Programs claim. The plaintiff has failed to show an adverse employment action materially
28 affecting the "compensation, terms, conditions, or privileges" of his job. Therefore, the plaintiff having

failed to offer proof of an adverse employment action, the court should grant the defendant's motion for summary judgment.

Therefore, it is hereby

**ORDERED** that defendants' Motion for Summary Judgment on the plaintiff's retaliation claim is **GRANTED**, and that claim is dismissed.

All of the plaintiff's original claims having been dismissed, the usual order would include a dismissal of the case. Because a motion to amend the complaint, Dkt. 45, is pending, the court will delay consideration of dismissal of the case until the motion to amend is decided.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of May, 2008.

ROBERT J. BRYAN
United States District Judge